MANN, Judge.
Newly acquired vehicles are covered under a clause in the typical insurance policy like that set forth in Martin v. Nationwide Mutual Fire Insurance Co., Fla.App.2d 1970, 235 So.2d 14, if all of the insured’s vehicles are insured by the same carrier, Charlotte Storage owned a vehicle not covered by the $250-deductible collision policy which covered its many vehicles in regular use. The vehicle not listed in the schedule was worth less than $250, and its complete destruction would not give rise to a collision claim. Further, it was not in service, although it would run. Charlotte acquired a new vehicle which was wrecked before inclusion on the policy, but within the 30-day period for which newly acquired vehicles are covered.
The trial judge correctly held that the existence of a vehicle titled in the insured’s name, but of nominal value and not used in its business, did not deprive the insured of coverage on the newly acquired *726 vehicle on the ground that not all of its vehicles were insured by the carrier. See Martin, supra; Civil Service Employees Insurance Co. v. Wilson, 1963, 222 Cal.App.2d 519, 35 Cal.Rptr. 304; Canal Ins. Co. v. Brooks, W.D.La.1962, 201 F.Supp. 124.
The insurer next contends that the newly acquired vehicle clause is void ab in-itio in this case because it was not applicable and could not be applicable to a corporation. That clause refers to the “insured * * * or his spouse if a resident of the same household.” Southern Insurance Company’s lawyer argues that this clause cannot apply because a corporation cannot have a spouse. Maybe not, but when the insurer issued, on a printed form prepared by it, insurance covering Charlotte Storage and Warehouse, Inc. against the damage it later sustained, it knew perfectly well that Charlotte Storage and Warehouse, Inc. was, and always will be, an unmarried corporation. It can be and was an “insured” under the policy.
Affirmed.
HOBSON, Acting C. J., and Mc-NULTY, J., concur.